J-S20027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK ALAN DUGAN | : | |
| | : | |
| Appellant | : | No. 215 WDA 2022 |

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at CP-26-CR-0000817-2016

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED:  July 12, 2022**

Patrick Alan Dugan (Appellant) appeals *pro se* from the order denying his second petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In February 2018, the trial court found Appellant guilty of 16 counts each of aggravated assault and recklessly endangering another person; two counts of attempted homicide; and one count of discharge of a firearm into an occupied structure.[1]  The trial court sentenced Appellant to an aggregate 5 - 10 years in prison (comprised of concurrent 5 – 10 year terms for each conviction of attempted homicide; 3 - 6 years for discharging a firearm into an occupied structure; and no further penalties for the remaining

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2705, 901(a), 2501(a), 2707.1(a).

convictions). Trial counsel withdrew from representing Appellant, and the court appointed new counsel, who timely filed a direct appeal. This Court affirmed Appellant's judgment of sentence on December 24, 2018. *Commonwealth v. Dugan*, 203 A.3d 347 (Pa. Super. 2018) (unpublished memorandum). Appellant did not seek review with the Pennsylvania Supreme Court.

Appellant timely filed a first PCRA petition in February 2019, followed by a counseled amended PCRA petition. The PCRA court subsequently denied relief. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Dugan*, 241 A.3d 358 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 252 A.3d 237 (Pa. 2021).

Appellant filed the instant *pro se* PCRA petition, his second, on January 26, 2022. Appellant alleged ineffective assistance of all prior counsel for not pursuing credit for time he served "after not posting bond a second time." PCRA Petition, 1/26/22, at 3. Appellant claimed he listed this issue in his first PCRA petition, but counsel failed to pursue it. *Id.* at 4. According to Appellant, "I should have been given credit from 7-23-17 until 4-24-18, as it was pre-trial incarceration on that case." *Id.*

On February 4, 2022, the PCRA court issued Pa.R.A.P. 907 notice of its intent to dismiss the petition without a hearing. However, before the PCRA court issued a final order, Appellant filed a notice of appeal. On February 28,

- 2 -

2022, the PCRA court entered its order dismissing Appellant's second PCRA petition. PCRA Court Order, 2/28/22. Nonetheless, we may consider this appeal. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for review:

1. Whether the trial/sentencing court erred in not granting credit for the time served for the dates of 7-23-17 to 2-5-18?

2. Whether the PCRA court erred in not finding trial/sentencing counsel, Blaine Jones, Esq., ineffective for failing to raise the issue of credit for time served for [the] dates of 7-23-17 to 2-5-18 at [the] time of sentencing?

3. Whether the PCRA court erred in not finding PCRA counsel, James Natale, Esq. ineffective for failing to raise the issue of credit for time served for [the] dates of 7-23-17 to 2-5-18 at [the] time of [the] PCRA petition and at the PCRA hearing?

Appellant's Brief at 3 (some capitalization omitted).

We first recognize:

When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020) (citation omitted).

Appellant first challenges the legality of his sentence based on the trial court's failure to award credit for time served. Appellant's Brief at 9. Specifically, Appellant claims the court should have awarded credit for time he served at a different docket number, from July 23, 2017 - February 5, 2018. *Id.* According to Appellant, this claim is not waivable. *Id.* at 9-10. Appellant acknowledges his bond in the underlying action at docket number 817 of 2016 (No. 817) was revoked because of his arrest on different charges docketed at 1485 of 2016 (No. 1485). *Id.* at 10. Appellant maintains the sentencing court should have credited him for time at No. 817 because he was found guilty and sentenced before trial started in No. 1485. *Id.* He states:

> Being that the subsequent case [No. 1485] went to trial more than 30 days past [the No. 817] sentencing date, if Appellant would have been found not guilty on that subsequent case, would the sentencing court then have went back to the original case [No. 817] and properly applied credit?

*Id.* at 11.

In his second issue, Appellant claims sentencing counsel rendered ineffective assistance by not asking for time credit or objecting to the court's failure to award credit. *Id.* at 15. Appellant claims appellate counsel also rendered ineffective assistance by not raising this claim on direct appeal. *Id.* at 12.

In his third issue, Appellant argues the PCRA court erred in not finding PCRA counsel ineffective failing to raise the issue of time credit in Appellant's first PCRA petition. *Id.* at 16. According to Appellant, he informed counsel that he wished to raise the claim, yet counsel failed to raise it. *Id.* at 17.

Before addressing Appellant's issues, we consider whether his petition is timely. *See Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020). The PCRA time restrictions are jurisdictional, and if a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Id.* (quoting *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010)).

Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

A PCRA petition may be filed beyond the one-year time period only if the petitioner pleads and proves one of three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*; *see also Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020). Any petition invoking an exception "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

As stated above, this Court affirmed Appellant's judgment of sentence on December 24, 2018, and Appellant did not seek review with the Pennsylvania Supreme Court. Thus, Appellant's judgment of sentence became final on January 23, 2019. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113 ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court"). Moreover, Appellant's petition, filed January 26, 2022, is facially untimely. Appellant nonetheless claims prior counsel rendered ineffective assistance by not raising his claim for sentencing credit. Appellant's Brief at 12-17. No relief is due.

Legality of sentence claims may be raised in a PCRA petition, but must still satisfy the PCRA time limits or an exception thereto. *Commonwealth v.*

*Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007). Likewise, the PCRA time limits apply to layered claims of ineffectiveness. *Commonwealth v. Pursell*, 749 A.2d 911, 915-16 (Pa. 2000). Our Supreme Court has held that a petitioner's allegations of counsel's ineffectiveness are not newly discovered facts pursuant to Section 9545(b)(1)(ii).[2] *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), the Supreme Court distinguished ineffectiveness claims that *narrow* the ambit of appellate review, from ineffectiveness *per se*, which *completely deprives* the petitioner of the appellate review to which he is entitled. *Id.* at 1273. The Supreme Court held *per se* ineffectiveness may serve as a newly discovered fact under Section 9545(b)(1)(ii). *Id.* In *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), the Supreme Court reiterated: "the important distinction for purpose of application of the [Section] 9545(b)(1)(ii) exception is whether counsel's alleged ineffectiveness results in a partial deprivation of review (*Gamboa-Taylor* and its progeny) or instead completely deprives [the] client of review. *See Bennett*, 930 A.2d at 1272-[]74." *Peterson*, 192 A.3d at 1131.

Here, Appellant's prior counsel – at sentencing, on direct appeal, and in Appellant's first PCRA petition - narrowed the ambit of appellate review,

---

[2] Appellant does not assert the governmental interference or a newly discovered constitutional right exceptions to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i), (iii).

but did not deprive Appellant of his right to appeal. For example, in Appellant's timely filed first PCRA Petition, counsel raised three unsuccessful claims of ineffectiveness of prior counsel. *See* Amended PCRA Petition, 6/24/19, at 2-5 (unnumbered). Because Appellant's counsel were not *per se* ineffective, Appellant fails to establish an exception to the PCRA's timeliness requirement. Accordingly, we lack jurisdiction to address Appellant's issues. *See Anderson*, 234 A.3d at 737.

However, even if Appellant's PCRA petition was timely, his claim regarding sentencing credit lacks merit. "[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but **only if such commitment is on the offense for which sentence is imposed**. Credit is not given, however, for a commitment by reason of a separate and distinct offense." *Commonwealth v. Richard*, 150 A.3d 504, 520-21 (Pa. Super. 2016) (emphasis added, citation omitted).

> While in cases involving a multitude of offenses occurring in quick succession determining which sentences a defendant is entitled to credit for presentence detainment becomes more difficult, the general rule regarding the inquiry seems simple enough - a defendant is entitled to credit only once for presentence detainment.

*Commonwealth v. Davis*, 852 A.2d 392, 400 (Pa. Super. 2004) (citation omitted). When credit for time served is attributed equally to more than one set of offenses and each set of offenses results in the imposition of distinct sentences, the credit for time served may be applied to any one of the

sentences. *Commonwealth v. Smith*, 853 A.2d 1020, 1026 (Pa. Super.

2004).

Appellant seeks credit for time he served at No. 1485 between July 23,

2017, and February 5, 2018. The PCRA court explained the relevant dates as

follows:

Case No. 817 of 2016

- January 27, 2016 - Petitioner arrested
- January 29, 2016 – Petitioner released on bond
- February 6, 2018 – Trial begins
- April 24, 2018 – Petitioner sentenced

Case No. 1485 of 2016

- June[3] 23, 2017 – Petitioner arrested; bond revoked
- June 5, 2018 – Petitioner sentenced.[1]

---

[1] This sentence runs concurrent with the April 24, 2019 sentence imposed at No. 817 of 2016.

---

[Appellant's] credit for time served was allocated between these two criminal cases. The April 24, 2018 Sentencing Order … on Case No. 817 of 2016 gave credit for time between January 27, 2016 and January 29, 2016 and between February 6, 2018 and April 24, 2018.

The June 6, 2018 Sentencing Order … on Case No. 1485 of 2016 gave credit for time between June 23, 2017 and February 5, 2018. That is, for time served on the second arrest between arrest date and the day before trial for Case No. 817 of 2016.

---

[3] The PCRA court incorrectly indicated Appellant's arrest date as June 23, 2017. Our review discloses the case initiation date was July 22, 2017. This discrepancy does not impact our conclusion.

- 9 -

Order, 11/4/21, at 1-2 (one footnote added, one footnote in original).

Consistent with the foregoing, the time claimed by Appellant from July 22, 2017 (after the initiation of Appellant's case at No. 1485) to February 5, 2018 (before his trial at No. 817), could be attributed to the offenses at either docket. Therefore, we would discern no ineffectiveness by counsel or error in the sentencing court's allocation of credit. *See Smith*, 853 A.2d at 1026.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/12/2022